ATTORNEY GENERAL LOVING HAS DIRECTED ME TO RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION FROM THIS OFFICE ASKING, IN EFFECT, WHETHER A SCHOOL DISTRICT, BY WAY OF ITS SICK LEAVE PLAN OR THE COLLECTIVE BARGAINING PROCESS, MAY PAY ITS TEACHERS AT THE END OF THE SCHOOL YEAR FOR SICK LEAVE THAT HAS BEEN ACCRUED BUT NOT USED?
SINCE YOUR QUESTION INVOLVES SOLELY A MATTER OF STATUTORY INTERPRETATION, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS THEREFORE, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
CLEARLY BY STATUTE EACH SCHOOL BOARD, THROUGH THE COLLECTIVE BARGAINING PROCESS, CAN NEGOTIATE TERMS AND CONDITIONS OF EMPLOYMENT. TITLE 70 O.S. 509.6 (1991), MANDATES THAT NEGOTIATIONS MUST BE CONDUCTED IN GOOD FAITH. THIS PROVISION READS:
 THE BOARD OF EDUCATION AND THE REPRESENTATIVES OF THE ORGANIZATION MUST NEGOTIATE IN GOOD FAITH ON WAGES HOURS FRINGE BENEFITS AND OTHER TERMS AND CONDITIONS OF EMPLOYMENT. (EMPHASIS ADDED).
ATTORNEY GENERAL OPINION 87-021, DETERMINED THAT SICK LEAVE PAY EARNED PURSUANT TO A COLLECTIVE BARGAINING AGREEMENT CONSTITUTED WAGES UNDER OKLAHOMA'S UNEMPLOYMENT COMPENSATION LAW. THEREFORE, IT FOLLOWS THAT SICK LEAVE PAY MAY BE NEGOTIATED BUT, MUST BE NEGOTIATED IN GOOD FAITH AS REQUIRED BY 70 O.S. 509.6
TO DETERMINE IF THERE ARE ANY LIMIT ON SUCH NEGOTIATIONS, IT IS NECESSARY TO REVIEW THE OKLAHOMA SCHOOL CODE (70 O.S. 1101 ET SEQ., HEREINAFTER REFERRED TO AS THE "SCHOOL CODE"). PRIOR TO 1976, THERE WERE NO PROVISIONS IN THE SCHOOL CODE WHICH PERMITTED THE OUTRIGHT PAYMENT OF ACCRUED BUT UNUSED SICK LEAVE.
IN 1976, THE LEGISLATURE ENACTED 70 O.S. 6-104.5 WHICH STATES IN PERTINENT PART:
 "B. THE DISTRICT'S PLAN MAY PROVIDE THAT THE TEACHER IS ENTITLED TO PAYMENT FOR ACCRUED BUT UNUSED SICK LEAVE UPON TERMINATION OF EMPLOYMENT. (EMPHASIS ADDED)."
IN 1980, THE LEGISLATURE AMENDED 70 O.S. 6-104(A) OF THE SCHOOL CODE WHICH PROVIDES RESTRICTIONS ON THE TRANSFER OF TEACHER'S SICK LEAVE FROM DISTRICT TO DISTRICT. THIS SUBSECTION WAS AMENDED TO READ AS FOLLOWS:
 "A. UNUSED SICK LEAVE SHALL BE CUMULATIVE UP TO A TOTAL OF SIXTY (60) DAYS, AND CUMULATIVE SICK LEAVE SHALL BE TRANSFERABLE TO ANOTHER SCHOOL DISTRICT WHERE THE TEACHER IS EMPLOYED THE NEXT SUCCEEDING SCHOOL YEAR, PROVIDED THAT THE NUMBER OF DAYS TRANSFERRED SHALL NOT EXCEED THE MAXIMUM DAYS PERMITTED BY THE RECEIVING DISTRICT AND THAT SUCH TRANSFERRED DAYS SHALL BE USED FIRST IN CASE OF ILLNESS AND PROVIDED FURTHER. THAT IF THE RECEIVING DISTRICT PAYS TEACHER FOR UNUSED SICK LEAVE UPON RETIREMENT OR TERMINATION OF CONTRACT, THEN SAID PAYMENTS SHALL BE FOR ONLY THOSE DAYS ACCUMULATED IN THE RECEIVING DISTRICT. THE SCHOOL BOARD OF THE SENDING DISTRICT SHALL CERTIFY THE EXACT NUMBER OF DAYS ELIGIBLE FOR TRANSFER (EMPHASIS ADDED)."
INSOFAR AS THE EMPHASIZED LANGUAGE IS CONCERNED, THE PRESENT VERSION OF THIS SUBSECTION IS IDENTICAL. 70 O.S. 6-104(A). THIS PARTICULAR LANGUAGE IMPLIES THAT THE LEGISLATURE CONTEMPLATED THAT A SCHOOL DISTRICT MAY PAY TEACHERS UNUSED SICK LEAVE "UPON RETIREMENT OR TERMINATION OF CONTRACT." THE QUESTION BECOMES WHETHER THERE IS SOME DIFFERENCE BETWEEN "TERMINATION OF EMPLOYMENT" (THE SPECIFIC TIME CONTEMPLATED FOR PAYMENT OF UNUSED SICK LEAVE IN 70 O.S. 6-104.5(B)), AND "RETIREMENT" AND "TERMINATION OF CONTRACT" (THE TIMES CONTEMPLATED IN SUBSECTION 6104(A)).
PRIOR TO 1989, "TERMINATION" WAS DEFINED SYNONYMOUSLY WITH "DISMISSAL". TITLE 70 O.S. 6-102.1(2), PROVIDED AS FOLLOWS:
 "'DISMISSAL" OR "TERMINATION" MEANS THE DISCONTINUANCE OF A TEACHER'S TEACHING SERVICE DURING THE TERM OF A WRITTEN TEACHING CONTRACT, AS PROVIDED BY LAW."
THE ABOVE SECTION WAS REPEALED AS A RESULT OF HB 1017 AND ONLY THE TERM "DISMISSAL" IS NOW DEFINED IN 70 O.S. 6-101.3(2), WHICH READS AS FOLLOWS:
 "DISMISSAL" MEANS THE DISCONTINUANCE OF THE TEACHING SERVICE OF AN ADMINISTRATOR OR TEACHER DURING THE TERM OF A WRITTEN CONTRACT, AS PROVIDED BY LAW."
WHERE THE LANGUAGE OF THE STATUTE IS PLAIN AND UNAMBIGUOUS, AND ITS MEANING CLEAR AND NO OCCASION EXISTS FOR THE APPLICATION OF RULES OF CONSTRUCTION, THE STATUTE WILL BE ACCORDED THE MEANING AS EXPRESSED BY THE LANGUAGE THEREIN EMPLOYED. CAVE SPRINGS PUBLIC SCHOOL DISTRICT I-30 V. BLAIR, 613 P.2D 1046, 1048 (OKLA. 1980). WHAT IS CLEAR FROM THESE DEFINITIONS IS THAT "TERMINATION", THE OPERATIVE TERM IN 70 O.S. 6-104(A) AND 6-104.5(B), INDICATES A DEFINITIVE ACTION OF THE SCHOOL DISTRICT TO DISCONTINUE THE TEACHING SERVICE OF AN ADMINISTRATOR OR TEACHER PURSUANT TO THE DUE PROCESS PROCEDURES OF THE SCHOOL CODE (70 O.S. 6-101.13 AND 70 O.S. 6-101.20 ET SEQ.). "DISMISSAL" OR "TERMINATION" OF A CONTRACT IS ALTOGETHER DIFFERENT FROM THE EXPIRATION OF SUCH A CONTRACT PURSUANT TO ITS STATED TERM. LIKEWISE, "RETIREMENT" IS DEFINED AS, "WITHDRAWAL FROM OCCUPATION, OFFICE, OR BUSINESS ACTIVITY." THE OXFORD ENGLISH DICTIONARY 783, (2D ED. 1989).
IN CONCLUSION, "TERMINATION OF EMPLOYMENT" (AS USED IN 70 O.S. 6-104.5(B)) AND "TERMINATION OF CONTRACT" OR "RETIREMENT" (AS USED IN 70 O.S. 6-104), ALL MEAN THE END OF THE EMPLOYMENT RELATIONSHIP WITH THE SCHOOL DISTRICT.
IT IS THEREFORE, THE OPINION OF THE UNDERSIGNED THAT SCHOOL DISTRICTS MAY NOT PAY TEACHERS FOR ACCRUED BUT UNUSED SICK LEAVE AT THE END OF THE SCHOOL YEAR UNLESS SUCH OCCASION ALSO MARKS THE END OF THE EMPLOYMENT RELATIONSHIP WITH A PARTICULAR TEACHER.
(DIANE L. SLAYTON)